## YATES VS. YATES.

MORTGAGE: *Deed absolute on its face, with separate contract to reconvey, on payment of money loaned.*

A recorded deed of land, absolute on its face, with an unrecorded contract, executed at the same time, for a reconveyance on repayment of moneys loaned, *held* to be a *legal* mortgage.

APPEAL from the County Court for *Milwaukee* County.

Defendant, to secure the payment of money loaned to him, executed to plaintiff a warranty deed of certain lands, and at the same time a contract was executed by both parties for a reconveyance upon payment of said sum of money, in accordance with defendant's covenant in said contract contained. The deed first mentioned was recorded as a deed, but the contract is not alleged to have been recorded. The complaint herein, after stating these facts, prays that said deed and contract may be adjudged to be a mortgage, and that the usual judgment may be entered for the *sale* of the mortgaged premises, foreclosure of the equity of redemption, and payment by the defendant of any *deficiency*. A demurrer, for failure to state a cause of action, and for misjoinder of causes of action, was overruled ; and defendant appealed.

*Jas. G. Jenkins*, for appellant, contended that the complaint showed an *equitable* mortgage only, and not a *legal* one; and that the judgment could be, at most, only for a sale *unless the*

*debt should be paid by a certain day.* 1 Hilliard on Mort., 657, sec. 89; 2 id., 181, sec. 68; *Hughes v. Edwards,* 9 Wheaton, 489, 491–2; Powell on Mort., 1060 a; *Mowry v. Wood,* 12 Wis., 413, 428; *Jarvis v. Dutcher,* 16 id., 307, 316. The decision in *Second Ward Bank v. Upmann,* 12 Wis., 499, is not inconsistent with these, and is not applicable here, because the land contract in this case was not recorded.

*Stark & McMullen,* for respondent, contended that the deed and contract constitute a *legal* mortgage (*Second Ward Bank v. Upmann,* 12 Wis., 499); and the plaintiff is entitled to the relief asked. Laws of 1859, ch. 195, sec. 5; Laws of 1862, ch. 243, secs. 2 and 3.

DOWNER, J. The complaint clearly states a cause of action, within all the authorities relating to transactions similar to those therein set out; and the demurrer was rightly overruled.

*By the Court.*—Order affirmed.