BAASS vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

FORECLOSURE OF MORTGAGE. *Parties defendant. Right of mortgagor to have priority of his trust deed to a third person determined in the case.*

1. The defendant in a mortgage foreclosure, claiming that a trust deed of the premises executed to a third person is prior to the mortgage in suit, has a right to have that question determined in the action, and for that purpose to have the grantee in such deed made a defendant.
2. There was no error, therefore, in refusing to vacate an order that such grantee be made a defendant, although plaintiff offered to stipulate "for the purposes of this case," that the lien of said deed was prior to that of his mortgage; such stipulation not being conclusive of the question as against other parties, nor, perhaps, as against the plaintiff himself in any other action or proceeding.

APPEAL from the Circuit Court for *Dane* County.

This appeal is from an order refusing to vacate a previous order requiring that the Farmers' Loan & Trust Company be made a defendant in the action.

The record returned to this court does not include the pleadings; but it appears from the motion papers that the action is to foreclose a mortgage on certain lots in the city of Madison, given to secure the payment of $500 and interest; that said mortgage purports to have been executed in July, 1870, and recorded in September, 1874; that in April, 1871, the defendant executed a trust deed or mortgage upon a large amount of real estate, including said lots, to the Farmers'

Loan & Trust Company, to secure its bonds for $3,900,000, which instrument was duly recorded during the same month; and that the defendant has been in the constant posssession of said mortgaged premises ever since the spring of 1871. On motion of the defendant, the court made an order requiring that the said Trust Company be made a defendant in the action. The plaintiff moved the court to vacate such order, and at the same time tendered a stipulation as follows: "Whereas it is claimed on the part of the defendant that the Farmers' Loan & Trust Company, and the Union Trust Company, corporations of the state of New York, hold mortgages covering the mortgaged premises described in the complaint in this action, which mortgages were recorded in the office of the secretary of state of Wisconsin prior to the time the plaintiff's mortgage was recorded in the office of the register of deeds for Dane county, Wisconsin, and that in consequence thereof the said corporations are necessary parties to this action: Now, therefore, in order to avoid the necessity of making them parties, it is, for the purposes of this case, providing such order be vacated, hereby stipulated that the plaintiff in this action waives all claim of priority over the said mortgages or deeds of trust given to the corporations aforesaid, and admits that the same are incumbrances on the premises described in said mortgage set out in the plaintiff's complaint in this action, superior and paramount to said mortgage."

The motion was denied, and the plaintiff appealed.

*B. J. Stevens*, for appellant:

In this country, where, on foreclosure of a mortgage, a sale of the mortgaged premises is decreed, the practice as to parties defendant is different from that in England, where payment is obtained by the mortgagee taking possession and reimbursing himself from the rents and profits. Here the general rule is, that the only proper parties to the foreclosure suit are the mortgagor and mortgagee and those who have ac-

quired rights or interests under them subsequent to the mort-
gage. *Eagle Fire Ins. Co. v. Lent,* 6 Paige, 635; *Western
Ins. Co. v. Eagle Fire Ins. Co.,* 1 id., 284; *Holcomb v. Hol-
comb,* 2 Barb. (S. C.), 23; *Lewis v. Smith,* 11 id., 158.    Prior
incumbrancers are not necessary parties. *Farwell v. Mur-
phy,* 2 Wis., 533, 541; *Strobe v. Downer,* 13 id., 11; *Walker
v. Jarvis,* 16 id., 28; *Mims v. Mims,* 1 Humph., 425; *Rose v.
Page,* 2 Sim., 471.    It has always been, so far as we know,
the invariable practice in this state to foreclose and sell mort-
gaged premises subject to the rights of prior incumbrancers.
The only possible object in making them parties would be to
sell the premises free from all incumbrances, satisfying them
from the proceeds of the sale in the order of their priority.
This cannot be done where, as in this case, the prior mort-
gages are not due.

*Smith & Lamb,* for the respondent, argued, among other
things, that the proposed stipulation would be utterly imma-
terial unless the Trust Company were made a party to the
suit, so that it and its assigns, as well as defendant, could have
the benefit of the judgment stipulated for, as an estoppel
against plaintiff and his representatives hereafter; that it is
doubtful whether the judgment as to that point would be con-
clusive even between the *parties,* very respectable authorities
holding a judgment to be an estoppel only as to matters liti-
gated by parties actually contesting the question before the
court (*Wadham v. Gay* (Ill. Sup. Ct.), 14 Am. Law Reg., 419,
427; *Jenkins v. Robertson,* L. R., 1 Scotch App. Cas., 117);
that if the Trust Company were not made a defendant, the
respondent might not be in a position to insist on all the
rights of that company, even where the protection of those
rights might be incidentally very advantageous to the respond-
ent; that if, for example, the question whether respondent
bought the land in good faith, without knowledge of plaint-
iff's mortgage, should be adjudged adversely to it, the court
might refuse to hear the respondent as to the rights of its

subsequent grantee in trust; that it is the respondent's absolute right under the statute (Tay. Stats., 1421, § 23) to have all persons interested in the subject matter of the controversy brought in as parties; and that such is also the general rule of equity (*Armstrong v. Pratt*, 2 Wis., 299), and priority between mortgages is peculiarly a proper question to be litigated in a suit to foreclose one of them. *Sup'rs v. R. R. Co.*, 24 Wis., 122.

LYON, J. The record does not give the name of the mortgagor, or inform us of the title claimed by the defendant; but we gather from the argument that the mortgagor conveyed the mortgaged premises to the defendant by a deed junior in execution, but senior in record, to the mortgage in suit. On the record before us it is uncertain whether the trust deed is prior or subsequent in right to the mortgage. If prior in right, it seems to be conceded that the Trust Company is not a necessary or proper party to the action; but otherwise if the same is subsequent in right.

Were the stipulation conclusive on that question — did it render the trust deed prior in right to the mortgage in all proceedings, and in favor of or against all persons who have now, or may hereafter have, an interest in the mortgaged premises,— it would seem entirely unnecessary to make the Trust Company a party to the action. But such is not the effect of the stipulation. It may be that the trust deed is subject to the mortgage; and if so, notwithstanding the stipulation, no good reason is perceived why any person interested, other than the plaintiff, may not be heard to assert the fact. Indeed, it is not certain that the plaintiff himself may not assert it in any other action or proceeding; for the stipulation is tendered only "for the purposes of this case."

It seems to us that the defendant has the right to have the question determined in this action, whether the trust deed or the mortgage in suit has priority; and because the offered

stipulation does not determine that question, and because it cannot be conclusively determined without the presence of the Trust Company, we think the circuit court properly refused to vacate the order making that company a party defendant in the action.

*By the Court.* — Order affirmed.