Moon vs. McKnight, imp.·

*February 16 — March 14, 1882.*

*Joinder of Causes of Action.*

An action against A. and B., who are husband and wife, and X., who holds a mortgage of land from B., to have a prior deed from A. and B. to plaintiff, absolute on its face, declared a mortgage, to have a subsequent recorded deed purporting to have been executed by plaintiff to B., conveying to her the same land, set aside as a forgery, and to have plaintiff's mortgage foreclosed against all the defendants, does not improperly unite different causes of action.

APPEAL from the Circuit Court for *Trempealeau* County. The defendant *McKnight* appealed from an order overruling his general demurrer to the complaint. The substance of the complaint is stated in the opinion.

For the appellant there was a brief by *Ellis & Salsbury*, and oral argument by *B. W. Jones.*

For the respondent there was a brief by *Marshall & Jenkins*, and oral argument by *Mr. Marshall.*

ORTON, J.   The statements of the complaint, so far as necessary to an understanding of the question raised on this appeal, are substantially as follows: On the 24th day of March, 1877, Samuel Moon was indebted to the plaintiff in the sum of $945.80, to become due March 24, 1880, and to secure its payment the said Samuel Moon and Adelia Moon, his wife, executed an absolute deed of the premises described to the plaintiff, and there was an agreement between the parties that, upon the payment of the debt and interest, said premises should be reconveyed.   Afterwards an absolute deed purporting to have been executed by the plaintiff and his wife to the said Adelia Moon, of said premises, was placed upon the record of deeds of the county, and said Adelia Moon executed a mortgage upon said premises to the defendant *McKnight* to secure a loan of money from him to said Samuel Moon.   The plaintiff and wife, or either of them, never executed or acknowledged said deed, and had no knowledge of the same except by said record, and said deed was a forgery.   The prayer is to cancel said deed and remove the record thereof, and for foreclosure.   The defendant *McKnight* demurred to said complaint on the ground "that several causes of action are improperly united, to wit, a cause of action for the foreclosure of a mortgage with a cause of action to set aside a fraudulent or forged conveyance," and the demurrer was overruled by the circuit court.

Several causes of action may be united in the same complaint, "where they arise out of the same transaction or transactions connected with the same subject of action." Section 2647, subd. 1, R. S.   All of the defendants are interested adversely to the plaintiff in respect to the same matters,

and therefore necessary parties. The defendant *McKnight* is a subsequent mortgagee and a proper party, and he is especially interested in the question of the validity of the deed to Adelia Moon; for if that deed is valid, he is then the sole mortgagee, and if invalid, he is only a subsequent or junior mortgagee. That deed, if valid, operated to discharge the plaintiff's mortgage, so that this complaint is virtually to cancel a discharge of the plaintiff's mortgage on the ground that it is a forgery. This relief is essential, and a prerequisite to the plaintiff's right of foreclosure. When there is a common liability and a common interest in the property, or different claims to the property, in the defendants, and the subjects may be joined without inconvenience, they may be joined in one suit. Story, Eq. Pl., § 533. A deed may be declared a mortgage, and the mortgage foreclosed, in the same action. *Yates v. Yates*, 21 Wis., 473. Where the prayers are all consistent with each other, the matters may be joined. *Hungerford v. Cushing*, 8 Wis., 332. The defendant in a mortgage foreclosure, claiming that a trust deed of the premises executed to a third person is prior to the mortgage in suit, has a right to have that question determined in the action, and for that purpose to have the grantee in such deed made a defendant. *Baass v. Railway Co.*, 39 Wis., 296. The plaintiff might have brought three actions: (1) to have the first deed declared a mortgage; (2) to have the second deed declared void because a forgery, and to have it cancelled; (3) to foreclose the mortgage. In all of these suits all of these defendants would be directly interested and necessary parties. The defendants might well complain of such a multiplicity of actions, and the consequent costs, when all these three objects so connected together and dependent upon each other, and all necessary to the final relief of foreclosure, may be obtained as well in one suit. It is one of the main principles of equitable relief, to prevent a multiplicity of actions. Story's Eq. Pl., § 287. We

have said more than necessary to sustain the ruling of the circuit court.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to equity.