WHETSTONE, Respondent, vs. THE BELOIT STRAW BOARD
COMPANY, Appellant.

*April 10,— April 29, 1890.*

*Pleading: Joinder of causes of action.*

A complaint praying for the recovery of damages for personal injuries,
and also for the cancellation of a receipt fraudulently obtained
from the plaintiff, releasing the defendant from liability for such
injuries, does not improperly unite two causes of action.

APPEAL from the Circuit Court for *Rock* County.

The facts are stated in the opinion. The defendant appeals from an order overruling its demurrer to the complaint.

For the appellant there was a brief by *B. M. Malone*
and *A. A. Jackson,* and oral argument by *Mr. Jackson.*

For the respondent there was a brief by *Fethers, Jeffris
& Fifield,* and oral argument by *M. G. Jeffris.*

ORTON, J. The plaintiff alleged in his complaint that he
was employed in and about the shop or building in which
the defendant manufactured straw building board by the
use of dangerous steam machinery, and by the use of steam
rotaries made of boiler iron, which were in an unsafe and
dangerous condition to the knowledge of the defendant, or
which it might have known by reasonable care, and which
was unknown to the plaintiff, and that, by reason of their
unsafe and dangerous condition, one of them burst or exploded, and scattered the fragments thereof about said
building, some of which struck the plaintiff, and injured
him very greatly, and caused him to be in such a condition
of mind that he did not know what he was doing, and
could not and did not realize his situation or appreciate
the effect of, or carry on, any business transaction. And
the plaintiff alleged further, that while he was in such con-

dition of body and mind, the defendant, through its officers and agents, procured and induced him to sign a certain receipt, set out in the complaint, by which he released the defendant forever from all liability by reason of any and all injuries sustained by him as aforesaid, or any results therefrom, and from all actions or causes of action against the defendant by reason thereof; that, at the time of signing said instrument, he (the plaintiff) was not in a condition to realize what he was doing, or the effect thereof; and that the defendant took advantage of his condition, and procured the said instrument by fraud. The plaintiff prayed judgment for $20,000 damages, and that said receipt or release be declared void and delivered up. This is, substantially, the complaint.

The defendant demurred to the complaint (1) that in it several causes of action were improperly united; and (2) that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. The first ground was the only one pressed on the argument. The learned counsel of the appellant contended that the matter of the release constituted a separate and distinct cause of action that could not be joined with the·main action.

It is quite obvious that the complaint states only one cause of action. The matter of the release is simply ancillary to the action. It is merely to set aside the release, which stood in the way of recovery in the action. It is subservient or subsidiary to the action, and is necessary to a recovery. The plaintiff might have waited for the defendant to set up the release in defense, and then have attacked it by a replication; but he chose to set it up in his complaint and avoid it, which is strictly correct pleading. *Lusted v. C. & N. W. R. Co.* 71 Wis. 391. In that case the receipt was set up in the answer, and the issue thereon was first tried. In *Damon v. Damon*, 28 Wis. 510, the plaintiff first set up her causes for a divorce, and secondly asked for alimony, and

thirdly prayed that a certain deed made by the defendant to a third person in fraud of her rights be set aside, and such third person was made a party. The defendant demurred for misjoinder of causes of action, as here. This court held that there was but one cause of action, and that the matter of setting aside the deed was to enable the court to enforce its judgment of alimony, if it adjudges a transfer of the property to the plaintiff, and that it is only ancillary or incident to the action. That ¦is a stronger case of two separate causes of action than here. In *Moon v. McKnight*, 54 Wis. 551, the action was against A. and B., who are husband and wife, and X., who held a mortgage of land from B., to have a prior deed from A. and B. to plaintiff, absolute on its face, declared a mortgage; to have a subsequent recorded deed, purporting to have been executed by the plaintiff to B., conveying to her the same land, set aside as a forgery; and to have the plaintiff's mortgage foreclosed against all of the defendants. This complaint was also demurred to for improper joinder of separate causes of action. This court held that there was virtually but one cause of action. These apparently separate causes of action, and the relief therein, " were essential and a prerequisite to the plaintiff's foreclosure." They were obstructions to the main relief, and had to be removed to make the plaintiff's judgment of foreclosure effectual. Many other like cases might be cited, if it was not too plain a question for argument or authority.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.