## DOMINICIS v. UNITED STATES CASUALTY CO.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. RELEASE (§ 16*)—VALIDITY—MISTAKE.

    In order to have a release of all claims against an insurance company rescinded in equity on the ground of mistake, plaintiff must show that it was executed through a mutual mistake of an existing fact.

    [Ed. Note.—For other cases, see Release, Cent. Dig. § 31; Dec. Dig. § 16.*]

2. RELEASE (§ 16*)—SETTING ASIDE—MUTUAL MISTAKE OF FACT.

    Defendant insured plaintiff against the loss of an arm and also against the loss of time by accident. Plaintiff's arm was injured, and, relying upon the advice of physicians that the injury was only temporary, which both plaintiff and defendant believed, and under a mistaken belief that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

plaintiff would not lose his arm, plaintiff executed a release of all claims upon payment of the amount due for loss of time only, but conditions existed in plaintiff's arm of which neither party knew, which afterward caused it to be amputated. *Held*, that the mistake was a mutual mistake of fact, which would entitle plaintiff to rescind the release.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 31; Dec. Dig. § 16.*]

Appeal from Special Term, Albany County.

Action by Antonio D. Dominicis against the United States Casualty Company. From an interlocutory judgment and order overruling a demurrer to the complaint, defendant appeals. Affirmed, with leave to answer.

The demurrer was on the ground that the complaint did not state facts sufficient to constitute a cause of action. A brief summary of the facts stated in the complaint outside of the formal parts shows that the defendant issued a policy of accident insurance to the plaintiff, whereby it agreed to pay him $2,500 for the loss of an arm, caused by accident during the life of the policy, and also insured him against loss of time caused by accident or injury; that the plaintiff was injured in his right arm during the life of the policy by an accidental explosion, causing, among other injuries, the bones in the elbow thereof to be fractured; that he submitted to prompt competent medical and surgical treatment; that he was advised by his physicians that he would not lose his arm, that the injury thereto would not be permanent, and that he would eventually have the use thereof in substantially as good condition as it formerly was; that he so informed the defendant, believing what his physicians told him, and in good faith filed a claim against the defendant for loss of time only under said policy; that at the time he filed such claim the defendant believed that plaintiff would not lose his arm because of the injury thereto, and that the injury thereto was not permanent, and also in common with plaintiff the defendant did not know, nor did plaintiff know, that conditions existed in plaintiff's arm, as was the fact, and which his doctors had not then discovered, which would eventually necessitate the loss thereof by amputation, and both plaintiff and defendant came to an agreement as to the amount of compensation for loss of time only which was due and payable to plaintiff by defendant under said policy by reason of the injury aforesaid, acting under a common but mistaken belief that plaintiff would not lose his arm by reason of such injury, and without knowledge of the facts, and in ignorance of the true condition of said arm, and that under said mutual mistake of the fact defendant on April 16, 1907, paid to plaintiff and plaintiff accepted in payment of his claim for loss of time only the sum of $500, and for which plaintiff signed and delivered to the defendant a release and discharge of all claims under the policy which he would not have signed had he known the facts and the ultimate result of his injury; that thereafter his right arm, which at no time since said injury had been in use or in a usable condition, did not yield to constant medical treatment, and was eventually on the 8th day of August, 1907, in order to save the plaintiff's life, amputated near the shoulder, and that the said injury which he received was the exclusive cause thereof; that the plaintiff gave due notice to the defendant of the loss of his arm, but that the defendant refused to furnish him blanks for making proofs of such loss, and refused to recognize or pay plaintiff's claim for loss of arm; that the said payment of $500 was made, and the said claim for loss of time only was paid, and said release was executed under a mutual mistake of fact, and that neither party thereto intended to pay plaintiff's claim under said policy for the loss of his arm, and neither of them knew or believed, nor had reason to know or believe, that any such claim could or would arise from said injury, nor would plaintiff have accepted said payment, and signed said release, had he known the facts as to the condition of his arm.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff asks judgment that the release be rescinded and declared null and void by reason of the mutual mistake of fact under which it was executed and delivered, and that he recover judgment of the defendant for the sum of $2,500, with interest, less the $500 and interest besides costs.

The court at Special Term overruled the demurrer, and the defendant has appealed.

Argued before SMITH P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

George B. Wellington, for appellant.

Franklin M. Danaher, for respondent.

CHESTER, J. The parties do not disagree materially as to the law applicable to this case; and that is, that, in order to entitle the plaintiff to have the release rescinded in equity, he must show that it was executed as the result of a mutual mistake as to an existing fact. The defendant insists that the mistake was not one of fact, but of belief or opinion. This question must be judged solely by the allegations of the complaint. These to my mind are ample to show that the release was signed and delivered as the result of a mutual mistake as to an existing fact. It is asserted in the complaint that at the time the release was executed and delivered conditions existed in plaintiff's arm which had not then been discovered which would eventually necessitate its amputation; that neither the plaintiff nor the defendant then knew that these conditions existed, as was the fact; and that the settlement was made and the release signed in good faith under the common but mistaken belief that plaintiff would not lose his arm and upon a mutual mistake as to the conditions actually then existing in the arm that would eventually result in its loss.

These are not in any sense allegations of opinions or of beliefs, but of facts, and are sufficient in our opinion, if proven, in connection with the other facts alleged, to establish a cause of action to rescind the release as founded upon a mutual mistake of fact.

The interlocutory judgment should be affirmed with costs with usual leave to defendant to withdraw demurrer and answer on payment of costs in this court, and at the Special Term. All concur.