EUGENE D. SIMPSON, APPELLEE, V. OMAHA & COUNCIL
BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED FEBRUARY 16, 1922.  No. 21675.

1. **Release**: AVOIDANCE: MUTUAL MISTAKE. To avoid a written
release of damages for personal injuries on ground of mutual
mistake of the parties, the mistake must relate to a present or
past fact or facts that are material to the contract of settle-
ment, and not to an opinion as to .the future conditions as to
results of present known facts.

2. ———: ———: ———. A mistake as to the future develop-
ment of a known injury is one of opinion, and not a mistake
as to fact.

3. ———: BAR: UNKNOWN INJURIES. Where one .who has sus-
tained personal injuries and with his attention directed to the
known injuries, which are trivial, contracts for the settlement
of his damages with reference thereto, in ignorance of other and
more serious injuries, both parties believing that the known
injuries are the only ones sustained, then there is a mutual
mistake, and a release executed under such mistake, although
couched in general terms, will not bar an action for the more
serious and unknown injuries.

APPEAL from the district court for Douglas county:
CHARLES A. GOSS, JUDGE. · *Affirmed.*

*John L. Webster* and *William M. Burton*, for appel-
lant.

*Magney & Magney, contra.*

Heard before LETTON, DEAN, DAY and ALDRICH, JJ.,
GOOD, District Judge.

GOOD, District Judge.

This is an appeal by the defendant from the district
court for Douglas county, in an action wherein plaintiff
recovered a judgment for $12,000, for personal injuries
sustained while he was attempting to board one of de-
fendant's cars at the intersection of Sixteenth and Far-
nam streets in the city of Omaha on the 4th day of
February, 1918.

Plaintiff alleged that while in the act of boarding the car as a passenger, and when he had one foot on the step of the car and one hand grasping the hand-rail, the car was negligently, suddenly started, and threw him to the pavement on his hands, knees and stomach, and that in consequence he sustained a severe shock to his nervous system, causing a nervous break-down, melancholia, permanent mental impairment, and that he thereby became mentally incompetent and practically insane.

Defendant denied that plaintiff received any severe injury; denied any negligence; and alleged that plaintiff's ailment and condition from which he was suffering was due to causes other than the accident; and, in addition, set up a release, signed by the plaintiff on the 18th day of March, 1918, wherein and whereby the plaintiff, for a consideration of $50, then paid, released the defendant "from any and all cause or causes of action, costs, charges, claim or demand, of whatever name or nature, in any manner arising or to grow out of an accident occurring Monday, February 4, 1918, at Sixteenth and Farnam in the city of Omaha, Douglas county, Nebraska, whereby I received and sustained personal injury and damage to my clothing while boarding the rear end of an eastbound Farnam line closed motor car, and falling to the pavement."

Plaintiff in his reply admits the execution of the release, and the receipt of the $50, and alleges that at the time of its execution the only injuries of which he knew, or by the exercise of reasonable diligence could have known, consisted of a superficial injury to his knee, and the damage to his clothing, consisting of a tear across the knee of his trousers, and that the sum of $50 was a fair and adequate compensation for the damages he had sustained up to that time; that it was the intention of both parties to the settlement to fairly compensate plaintiff for all his injuries, but these injuries above recited were the only ones known to the parties, and the settlement and release had reference to those only, and that

the injuries for which he now seeks recovery had not then manifested themselves, and that said release was executed under a mutual mistake as to the nature and extent of the injuries, and that the release was never intended to cover any other injuries than those known at the time of signing the release, and mentioned therein, and no claims or causes of action were intended to be barred except those growing out of the then known injuries, and further alleges that no release from damages for the injuries from which he is now suffering, and for which he seeks a recovery in this action, has ever been executed, and that said release is therefore not a bar to this action.

Appellant argues that the evidence is insufficient to show that there was any mutual mistake at the time of making the settlement and execution of the release. There is no conflict in the evidence on this point, but the question is as to the deductions to be made therefrom and the legal effect thereof. The record discloses that appellee, who was a traveling salesman, and who was at the time of the accident on his way to St. Louis, continued his journey and went about his business as usual; that at the time of the accident he sustained a lacerated or skinned knee, a bruised hand and torn trousers; that for a few days he was stiff and lame. Appellee returned to Omaha in a few days, and notified appellant's claim agent that he had received an injury and damage to his clothing, and disclosed the nature and extent of his injuries, as he then supposed they were. Appellee continued his work as a salesman, and on March 18, 1918, some six weeks after the accident, he called on appellant's claim agent and asked for a settlement. At that time he believed, and stated, that he was all right, and had fully recovered. The only personal injuries then known to either party were the skinned knee, bruised hand, and shock incident thereto. These were the only ones discussed. The claim agent saw nothing to indicate that appellee was not fully recovered. There

was no talk of other possible unknown injuries, or of any future unfavorable conditions that might arise from the known injuries. The claim agent asked appellee what he thought he should receive to recompense him for the shock and suffering and the torn clothing, and appellee answered that he thought he ought to receive $50, and this amount was paid him, and the release executed. It was several weeks thereafter before appellee became aware that he had sustained other injuries than those known and talked of at the time of the settlement. He first noticed that he could not make out his statements and accounts, became confused and forgetful, and grew worse, and became emotional and depressed, and suffered from melancholia. The evidence shows that at the time of the trial, in April, 1920, appellee was mentally incompetent and without hope of recovery. The jury found the fall from the car was the cause of his present condition. Are these facts sufficient in the eyes of the law to constitute a mutual mistake?

There seems to be a very great confusion in the opinions of the various courts as to what is required to avoid a release for personal injuries on the ground of mutual mistake. What we believe to be the true rule is that the mistake must relate to either a present or past fact or facts that are material to the contract of settlement, and not to an opinion as to future conditions as the result of present known facts. A mistake as to the future development of a known injury is a matter of opinion, and is not one of fact, and is not such a mistake as will avoid a release; but, where the mistake is as to the extent of the injury due to unknown conditions or relates to injuries that were wholly unknown, then the release may be avoided, unless it further appears that the parties were contracting with respect to possible unknown injuries, and the releasor intended to relinquish all claims, whether known or unknown. In the latter case there would be no mutual mistake.

Where one who has sustained personal injuries, and with his attention directed to the known injuries, which are trivial in their nature, contracts for the settlement of his damages with reference thereto, in ignorance of other and more serious injuries, both parties at the time believing that the known injuries are all the injuries sustained, then there is a mutual mistake, and the release, although couched in general terms, should be held not to be a bar to an action for the more serious and unknown injuries. The views herein expressed find support in the following authorities:

23 R. C. L., 390, sec. 20.; *McIsaac v. McMurray*, 77 N. H. 466, L. R. A. 1916B, 769, and note thereto, wherein many authorities are collected; *Dominicis v. United States Casualty Co.*, 116 N. Y. Supp. 975; *Shook v. Illinois C. R. Co.*, 115 Fed. 57; *Great N. R. Co. v. Fowler*, 136 Fed. 118; *Gold Hunter Mining & Smelting Co. v. Bowden*, 252 Fed. 388; *Reddington v. Blue & Raftery*, 168 Ia. 34; *Owens v. Norwood-White Coal Co.*, 188 Ia. 1092; 34 Cyc. 1058.

The record in this case fully justified the conclusion that the release was executed under a mutual mistake of the parties, and does not therefore bar plaintiff from recovery of damages for the injuries that were unknown to both parties at the time the release was executed.

Appellant insists that whether there was a mutual mistake in the execution of the release is one of equitable cognizance, and should have been submitted to and determined by the court, in advance of the jury trial, and that it was error to submit that question to the jury. The rule as contended for prevails in many jurisdictions, but the contrary practice has obtained in this jurisdiction, and has met the approval of this court in a number of cases. *Osborne v. Missouri, P. R. Co.*, 71 Neb. 180; *New Omaha Thompson-Houston Electric Light Co. v. Rombold*, 68 Neb. 54; *Perry v. Omaha Electric Light & Power Co.*, 99 Neb. 730.

Regardless of what the practice may be, we are un-

able to perceive that appellant was in any way prej-
udiced by the submission of the question to the jury.
The court, in overruling the motion for new trial and
entering judgment on the verdict, thereby approved the
finding of the jury on that question, and made it the
court's own, as much as if it had predetermined the
question.

It is strenuously urged that the verdict is not sup-
ported by the evidence, in that it does not show that ap-
pellee's present physical and mental condition was
caused by the fall from the street car. We have care-
fully examined the record, and while this court, had it
been the trier of fact, might have reached a different
finding, yet we find ample evidence to support the ver-
dict in that respect, and we cannot say, as a matter of
law, that the verdict is wrong. Under the oft-repeated
rule laid down by this court, we decline to interfere
with a verdict that is supported by evidence and is not
clearly wrong.

There are other assignments of error not discussed in
the brief, and we omit consideration of them. We find
no prejudicial error in the record. The judgment of
the district court is

AFFIRMED.