GRANGER, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, imp., Appellant.

*September 16—October 11, 1927.*

*Release: Settlement based on erroneous statements of physician as to condition of injured person: ,Mutual mistake: Release pleaded by answer: Constructive denial of new defensive matter by plaintiff.*

1. In a personal injury action against a railway company by an employee, defended by the railroad on the ground that the employee's cause of action was barred by a release from liability signed by him, it is *held,* under evidence showing that the release was founded on a mutual mistake of fact of the employee and the employer in accepting the statement of the physician, who had been employed by the railroad company to treat the injured employee, as to his condition, that such mutual mistake avoided the release. p. 54.

2. Where the physician told the employee and the company's claim agent that the employee was pretty well along toward being cured, and because of this assurance the employee settled his claim, such statement was not a mere expression of opinion as to future events, but was a representation as to an existing fact, upon which both the employer and the employee had the right to rely. p. 54.

3. The release from liability will, where the statement of the physician is not true, be avoided on the ground of a mistake of fact, whether the physician gave the advice in good faith believing it to be true or acted in bad faith for the purpose of inducing a settlement. p. 54.

4. As regards the jurisdiction of equity to relieve from the consequences of action taken in reliance upon a mutual mistake of fact, the matter of setting aside a release of defendant from liability is ancillary to and subservient to the action. p. 55.

5. Where the defendant employer affirmatively pleaded that plaintiff's cause of action was barred by the release, it is *held,* in view of sec. 263.26, Stats., that it would be considered that plaintiff had denied such affirmative plea, although he had not done so by any pleading. p. 55.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

Action by *Henry B. Granger* against the *Chicago, Milwaukee & St. Paul Railway Company* to recover for personal injuries. From a judgment for the plaintiff the railway company appeals.

For the appellant there were briefs by *H. J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and *North, Parker, Bie & Welsh* of Green Bay, and oral argument by *Walter T. Bie* and *J. R. North.*

For the respondent there was a brief by *Frank Brazner* and *Silverwood & Fontaine,* all of Green Bay, and oral argument by *Mr. T. P. Silverwood* and *Mr. Brazner.*

STEVENS, J. This appeal presents the single question whether plaintiff's cause of action is barred by a release given by him which in form released and discharged the railway company from all claims which the plaintiff had at the time the release was signed or which he might thereafter have on account of personal injuries sustained at the time the plaintiff was injured in the course of his employment by the railway company.

The release was signed in the offices of the railway company in Chicago six months after the injury, at a time when plaintiff was still undergoing treatment which caused him to suffer severe pain. The court is satisfied from the proof that the plaintiff was able to read the release. The plaintiff was given full opportunity to read it before he signed it.

He was not prevented from so doing by any one representing the railway company. At the time of signing he was given a draft for $500 which contained on its face the statement that it was given in full payment of the claim on account of the personal injury here in question. Plaintiff took this draft to his home and retained it in his possession for some days, when he indorsed the same by writing his name under a statement on the back of the draft which provided that the indorsement of the draft constituted a receipt in full of the account stated on the face thereof. In view of these undisputed facts it is very clear that the plaintiff has not met the burden that rests upon one who seeks to avoid a written agreement of settlement on the ground that it was procured by fraud.

It is equally clear that both the plaintiff and the claim agent who represented the railway company acted under a mutual mistake of fact during the negotiations that led up to the signing of the release and the payment of the $500. During these negotiations there was no discussion of any of the elements of damages sustained as a result of plaintiff's injuries with the single exception of the amount of wages which plaintiff had lost. The amount of these wages was computed and the sum paid in consideration of which the release was given was the amount of these lost wages. Both plaintiff and the claim agent had been informed by the doctor employed by the company to treat the plaintiff, that plaintiff's condition was such that he was able to resume light work. The plaintiff testified that he made the settlement relying on the statement of the doctor that he was pretty well along toward being cured, and that he would not have made the settlement but for this assurance by the doctor.

The situation was one where both parties in good faith relied upon the statement of the doctor. Had the plaintiff been well on the road to recovery and able to continue work at the same wage, the settlement would doubtless never have

been questioned. The company had paid all medical and hospital bills, and by this settlement it paid the plaintiff the full amount of wages which he would have earned if he had not met with this accidental injury.

But it would be against good conscience and all rules of fair dealing to hold that plaintiff, who is in such a serious physical condition that the railway company does not question that $12,000 is a fair measure of the damage sustained by plaintiff because of his injury, is bound by a settlement made when both parties were acting under a mutual mistake of fact as to the extent of plaintiff's injury and the duration of his disability. It would be most inequitable and unjust to hold the release binding under such circumstances. To so hold would be to determine that the claim agent took such undue advantage of the plaintiff as to be guilty of a species of fraud. *Lusted v. C. & N. W. R. Co.* 71 Wis. 391, 397, 36 N. W. 857. The evidence satisfies the court that the claim agent had no such fraudulent intent, but that he acted in good faith under the mistaken belief that the plaintiff was well on the road toward recovery. Under such circumstances the plaintiff ought in justice and equity to be relieved from the release because of his reliance upon the advice given by the physician.

The statement made by the doctor as to the condition of the plaintiff and his prospects of recovery is not a mere expression of opinion as to future events. It was a representation as to existing facts upon which both the plaintiff and the company had the right to rely. *Brown v. Ocean Acc. & G. Corp.* 153 Wis. 196, 200, 201, 140 N. W. 1112; *Dominicis v. U. S. Cas. Co.* 132 App. Div. 553, 556, 116 N. Y. Supp. 975; *St. Louis, I. M. & S. R. Co. v. Hambright,* 87 Ark. 614, 113 S. W. 803, 807. While there is a conflict in the decisions, we believe that the greater weight of authority, as well as the sounder logic, supports the rule that a release will be avoided on the ground of mistake of fact

where the doctor gave the advice in good faith believing the same to be true, as well as where he acted in bad faith for the purpose of inducing a settlement. *Jacobson v. C., M. & St. P. R. Co.* 132 Minn. 181, 156 N. W. 251, L. R. A. 1916 D, 144, 147; *St. Louis, I. M. & S. R. Co. v. Morgan,* 115 Ark. 529, 171 S. W. 1187, 1189; *Great Northern R. Co. v. Fowler,* 136 Fed. 118, 121; *Houston & T. C. R. Co. v. Brown* (Tex. Civ. App.) 69 S. W. 651, 652.

The court did not submit this issue of mutual mistake to the jury. Neither party requested that such issue should be submitted. The jurisdiction of equity to relieve from the consequences of action taken in reliance upon mutual mistake of fact has been recognized from an early date in the history of equity jurisprudence and is thoroughly established. The matter of the setting aside of the release is ancillary to and subservient and secondary to the action. The release must be set aside before the action can proceed to judgment. *Whetstone v. Beloit S. B. Co.* 76 Wis. 613, 614, 45 N. W. 535. The complaint did not ask that the release be set aside. The release was pleaded as an affirmative defense. This being new matter in the answer, not a part of a counterclaim, the plaintiff had no opportunity to plead that the release was procured because of a mutual mistake of fact. Without the service of any additional pleading the allegation that the action was barred by the release is deemed to be controverted upon any ground upon which it may be avoided, like fraud or mutual mistake. Sec. 263.26 of the Statutes.

The court might very properly have determined the question of whether the release was given because of a mutual mistake of fact before it submitted any issue to the jury, or it might have tried both issues at the same time, and might, if the evidence presented an issue of fact, have submitted the issue to the jury. But the evidence did not present any such issue of fact. There is no conflict in the proof but

that both the plaintiff and the claim agent, under the advice given by the doctor, negotiated a settlement in the belief that the doctor had correctly diagnosed the plaintiff's condition.

The parties have fully litigated the issue as to mutual mistake, although no findings were made upon it. The only witnesses that could throw any light upon the issue have testified fully as to what was said and done at the time this release was executed. No purpose will be served by sending the action back for a new trial upon this issue. The trial court properly refused to make the findings requested by the plaintiff because there is no proof which would warrant a finding that the doctor who attended the plaintiff acted in bad faith in that he knew or ought to have known that the statement that the plaintiff was able to return to work was untrue when he made it.

*By the Court.*—Judgment affirmed.