Mrs. Helen Vondera, Appellant, v. Oliver M. Chapman and Mrs. Louis J. Wilson.—No. 38774.—180 S. W. (2d) 704.

Division One, June 5, 1944.

*Hay & Flanagan* for appellant.

*Fred Blades* and *Moser, Marsalek & Dearing* for respondents.

CLARK, P. J.—Appellant sued respondents for $25,000.00 for injuries alleged to have been caused by a collision between the automobiles of appellant and respondents. Respondents answered by general denial and set up a release, executed by appellant nine days after the collision, in which appellant acknowledged the receipt of $175.00 in full settlement for all injuries "not only now known injuries, losses and damages, but any future injuries, losses and damages not now known or anticipated but which may later develop or be discovered, including all the effects and consequences thereof."

Appellant by reply admitted the execution of the release, but alleged: that it was executed at a time when the only injuries of

which appellant had knowledge or could have known by the exercise of ordinary care were superficial and slight; that such injuries were all that were known by respondents at the time the release was executed; that if respondents had knowledge or information of any additional injuries they did not communicate the same to appellant, but fraudulently withheld it from her; that appellant made the settlement in the honest belief that such injuries were all that she had sustained; that the amount of settlement was considered by her, and according to her best information and belief by the respondents, to be fair and reasonable compensation for the injuries then known by the parties. The reply then alleges that shortly thereafter she discovered additional injuries, described in detail, of such nature that the amount of settlement would be grossly and shockingly inadequate to compensate her; that if she had known of such injuries she would not have settled for so small a sum, and that the settlement was made as a result of a mutual mistake on the part of appellant and respondents as to the existence of such serious and permanent injuries.

Demurrers to the reply were sustained. Appellant refused to plead further and this appeal is from the judgment entered in favor of respondents. Assuming, as we must in considering respondents' demurrer, that the allegations of appellant's reply are true, it is evident that she made a bad bargain in her contract of settlement. This court would be disposed to relieve her of the consequences of that bargain if we could find any valid legal reason for doing so. We have been unable to find such a reason in any of the cases cited by appellant. In many of them releases, or contracts of settlement, were set aside, but upon facts which differ materially from those of the instant case. In only one of them, Tulsa City Lines v. Mains, 107 Fed. (2d) 377, did the release purport to cover unknown injuries. There the court based its decision upon the fact, clearly established, that the plaintiff relied in part upon the erroneous statement of defendant's physician as to the extent of plaintiff's injuries which statement was made at a time when, because ▇▇▇ of her injuries and the effect of medicine given her, she was unable to appreciate her rights. The release was in general terms and this court construed it to apply only to injuries then known by the parties and was not intended to settle for damages which might ensue in the future. In each of the following cases, St. L.-S. F. R. R. v. Cox (Ark.), 283 S. W. 31; Tatman v. Philadelphia B. & W. Ry., 10 Del. Ch. 105, 85 Atl. 716; Reddington v. Blue, 168 Iowa, 34, 149 N. W. 933; Enger v. Great Northern R. Co., 141 Minn. 86, 169 N. W. 474; Dominicis v. U. S. Casualty Co., 132 App. Div. 553, 116 N. Y. Supp. 975; Clark v. Northern Pac. R. Co., 36 N. Dak. 503, 162 N. W. 406; St. L.-S. F. R. Co. v. Cauthen, 112 Okla. 256, 241 Pac. 188; A. T. & S. F. Ry. v. Peterson, 34 Ariz. 292, 271 Pac. 406; Poti v. New England, etc., Co., 83 N. H. 232, 140 Atl. 587; Spangler v. Kartzman, 121 N. J. Eq. 64,

187 Atl. 770; Palino v. Hazle Brook Coal Co., 112 Pa. Super. Ct. 15, 171 Atl. 82; Metropolitan Life Ins. Co. v. Humphrey, 167 Tenn. 421, 70 S. W. (2d) 361; Janney v. Virginia R. Co. (W. Va.), 193 S. E. 187; Granger v. C. M. & St. P. R. Co., 194 Wis. 51, 215 N. W. 576; Great Northern R. Co. v. Reid, 157 C. C. A. 382, 245 Fed. 86, and Landau v. Hertz, 237 App. Div. 141, 260 N. Y. Supp. 561, there was present the fact of reliance upon the assurance of a physician who, in most of the cases, was employed by the defendant. In some of those cases there was a question of fraud and in each of them there was some fact which clearly distinguishes it from the instant case. In Atl. Greyhound Lines v. Metz, 700 Fed. (2d) 166, the plaintiff was a passenger in a bus which turned over. Within an hour or two while she was waiting in the station for another bus the defendant's claim agent procured a release from her for a nominal amount intended to cover damage to her clothing and for delay. The release was on a printed form and in general terms. The court, citing Blaim v. C. & A. Ry., supra, and other cases, held that the release was not intended to cover damage from serious personal injuries which later developed. Smith v. Kansas City, 102 Kan. 518, 171 Pac. 9, was a workmen's compensation case. It was held that a release intended to cover loss of wages to the time of payment would not preclude compensation for injuries which later developed and which were unknown and not in contemplation at the time of settlement. In Simpson v. Omaha, etc., Ry., 107 Neb. 779, 186 N. W. 1001, plaintiff for a small sum signed a release for a slight injury and damage to clothing. It was held that the release would not cover serious physical injuries later developed "unless it further appears that the parties were contracting with respect to possible unknown injuries, and the releasor intended to relinquish all claims, whether known or unknown."

In the instant case there is no charge of fraud or unfair dealing. The time which elapsed between the accident and settlement would ordinarily be deemed sufficient to enable the injured person to determine the extent of her injuries with some degree of certainty. Appellant was not induced to settle by the assurance of a physician, by the efforts of a trained claim agent or even by the representations of the respondents. The appellant had a better opportunity to know her condition than did the respondents. The parties dealt at arm's length, in good faith, and the release expressly stated that it covered unknown damages which might later develop. There is no claim now that the release failed to express the intent which the parties had at the time of settlement. The only claim of mistake is that, although appellant settled for future damages, she did not know the extent of her injuries and, if she had, would not have settled for the amount paid her.

No doubt a slight taint of fraud or unfairness, coupled with a grossly inadequate consideration, will authorize the setting aside of a

contract. There are cases where involuntary conveyances have been set aside for inadequacy of consideration alone, but we know of no case where a voluntary contract fairly made has been avoided solely for such reason. It is the policy of the law to encourage freedom of contract and the peaceful settlement of disputes. A person under no disability and under no compulsion may convey his property or relinquish his rights for as small consideration as he may decide. To hold otherwise, while it would relieve the instant appellant of the effects of a bad bargain, would establish a harmful precedent not only as to personal injury claims, but as to contracts in general. Such a policy would make it difficult to settle controversies ▉ respecting damages to person or property without resort to the courts.

In Farrington v. Harlem Savings Bank, 280 N. Y. 1, 19 N. E. (2d) 657, it is said: "No doubt the plaintiff had a perfect right to agree to settle for the injuries which were known and for all other injuries which might result, and such agreement would be binding upon him no matter how serious the result of the injuries might thereafter turn out to be, provided the agreement was fairly and knowingly made."

The principle announced in that case has, we think, been universally adhered to by the courts. [Berry v. Struble, 20 Cal. App. 299, 66 Pac. (2d) 746; Jordan v. Guerra (Cal.), 136 Pac. (2d) 367, 375, Hanson v. Northern States Power Co., 198 Minn. 24, 268 N. W. 642; Serr v. Biwabek, etc., Co. (Minn.), 278 N. W. 355; Houston v. Trower, 297 Fed. 558.] We find nothing to the contrary in any case cited by appellant.

On the record this case must be and is hereby affirmed. All concur.