Per Curiam.

The issue is whether the trial court properly directed the jury to find a verdict in defendant’s favor after trial of special issues raised by the defense of a general release. We believe the evidence required the court to submit the issues to the jury. This is not a case of miscalculation of the consequences of known injuries; here both parties were apparently mistaken as to the existing facts. In Mack v. Albee Press, Inc. (263 App. Div. 275, 277, affd. 288 N. Y. 623) this court pointed out the distinction when it said: “ The rule of law which is applicable to these facts does not seem to be disputed. When the settlement is made on the assumption of the existence of a state of facts it may be rescinded if that state of facts does not presently exist. (Landau v. Herts Drivurself Stations, Inc., 237 App. Div. 141; Great Northern R. Co. v. Fowler, 136 Fed. 118, 121.) Where, however, there is no mistake concerning the injuries but only a miscalculation of consequences, the voluntary settlement of the parties is irrevocable as to both.” In that case the release was sustained as the court held that neither the plaintiff nor the defendant was mistaken "concerning the extent of the injury or its character, but merely miscalculated its consequences. In this" case at the time of the settlement and signing of the release neither the claim agent nor plaintiff knew of any but the superficial injuries causing plaintiff to miss his ship and lose one month’s salary; that was the basis of fact on which the $150 was offered by defendant and accepted by plaintiff and the release signed, or at least a jury could so find. Thus if the jury found as a fact that the only injuries the parties knowingly intended to embrace within the release were the above-mentioned superficial injuries, the jury could find the release was signed by mutual mistake of the parties and in such case it would not be a bar to the action. (Farrington v. Harlem Savings Bank, 280 N. Y; 1; Dominicis v. United States Casualty Co., 132 App. Div. 553, 556; Landau v. Herts Drivurself Stations, Inc., 237 *224 App. Div. 141; Kirchner v. N. H. S. M. Co., 135 N. Y. 182; Barry v. Lewis, 259 App. Div. 496, Note, 48 A. L. R. 1464 et seq.; cf. Validity of Leases Executed under Mistake of Fact, 14 Ford-ham L. Rev. 135,139,141-148).
The judgment appealed from should he reversed and a new trial ordered, with costs to the appellant.
Dore, Cohn, Callahan and Peck, J J., concur; Martin, P. J., dissents and votes to affirm.
Judgment reversed and a new trial ordered, with costs to the appellant.