OTTO H. SCHMIDT, APPELLANT, v. CITY OF LINCOLN, APPELLEE.

37 N. W. 2d 500

Filed May 13, 1949. No. 32555.

*Miles W. Johnston, Van Pelt, Marti & O'Gara,* and *W. K. Dalton,* for appellant.

*John E. Jacobson* and *A. A. Whitworth,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff seeks to recover from the City of Lincoln firemen's pension benefits provided for in sections 2439 and 2441, Comp. St. 1922, contending that he is totally and permanently disabled as the result of a disability arising out of his employment as a fireman by the city. The trial court directed a verdict for the defendant and plaintiff appeals.

. The plaintiff entered the employ of the city as a fireman on December 8, 1928. On January 3, 1937, he was indefinitely suspended from such employment, and the city has not recognized him as its employee or paid any salary to him since that date. The plaintiff asserts that on August 29, 1936, he fell on his right hip while carrying hose into a basement at a fire. He claims that he suffered injuries to his right hip, back, and sacroiliac region. A more detailed account of the alleged accident and claimed injuries can be found in the opinion written in a former appeal of a case involving the same accident. Schmidt v. City of Lincoln, 137 Neb. 546, 290 N. W. 250. Without reviewing the evidence in detail, we assume for the purposes of this case that the plaintiff suffered some disability as a result of the accident.

The evidence shows that on July 8, 1940, plaintiff executed and delivered a receipt and release to the city as a full settlement of any and all claims due him by the city. The pertinent parts of the instrument are as follows:

"That I, Otto H. Schmidt * * * for and in consideration

of the sum of $1829.00 paid to the clerk of the District Court of Lancaster County, Nebraska, $1829.00 of which was disbursed for me pursuant to an order and judgment of the District Court of Lancaster County, Nebraska, and the receipt of all of which is hereby acknowledged in full accord and satisfaction of my disputed claims, do hereby for myself, * * * forever, release and discharge the said City of Lincoln, Nebraska, * * * of and from any and all claims, demands, actions, causes of action and suits at law or in equity for and on account of any and all known and unknown injuries, disabilities, physical and mental, diseases, damages, losses and expenses sustained by me * * * as a result of an accident sustained by me on August 29, 1936, or as a result of any other accident sustained by me, the said Otto H. Schmidt, while employed by the City of Lincoln, Nebraska, a municipal corporation, including herein any and all future injuries, damages, losses and expenses resulting or to result from any other such accident, not now known or anticipated, but which may later develop or be discovered, with all the effects and consequences thereof.

"It is my intention that this receipt and release shall, and the same hereby does, fully, finally and completely settle, satisfy and discharge all of my claims, demands, actions, causes of action and rights of every name, nature and description against the parties herein discharged under the Workmen's Compensation Law of Nebraska, or any other law or laws, arising or to arise from said accident of August 29, 1936, or from any other accident sustained by me, the said Otto H. Schmidt, while employed by the said City of Lincoln, Nebraska, a municipal corporation."

The evidence shows that the foregoing release was executed after plaintiff was fully informed of its contents. He read it before he signed. His attorney signed a release of attorney's lien contained on the same instrument. Under the record here made, plaintiff will not be heard to say that he did not know what he had signed.

The release is clearly a settlement of any and all claims growing out of the accident of August 29, 1936, and any other claim plaintiff might have as well. To recover under the pension act, plaintiff must establish total disability arising from the accident of August 29, 1936. No other basis for a pension is asserted. By the release, however, he released all claims, demands, actions, causes of action and rights of every name, nature, and description under the Workmen's Compensation Act, or any other law or laws, arising out of the claimed accident sustained while in the employ of the city.

It is claimed that the parties never contemplated that more serious disability may have latently existed at the time the release was signed. The record will not sustain such an assertion. The plaintiff had claimed that he was totally disabled up to the very time he settled his claim on the basis of a 35 percent permanent partial disability. Plaintiff is in no position to assert that injuries existed wholly unknown to him. Under these circumstances, the rule announced in Simpson v. Omaha & C. B. St. Ry. Co., 107 Neb. 779, 186 N. W. 1001, and Collins v. Hughes & Riddle, 134 Neb. 380, 278 N. W. 888, and similar cases, has no application.

It will be borne in mind that on February 9, 1940, approximately five months before the release was executed, this court had handed down its opinion finding that plaintiff was not totally disabled and remanded the cause for a new trial on the question of a partial disability. The plaintiff had not served as a fireman since January 3, 1937. These circumstances confirm his evident intent to settle any and all claims he had against the city for the sum of $1,829.00. Clearly, the release was intended to include his compensation claim, pension claim, or any other claim arising under any other law growing out of the accident of August 29, 1936. It is valid and binding, and a complete defense to plaintiff's claim.

The conclusion reached makes it unnecessary for us to determine if the suit is barred by the statute of

limitations or if the plaintiff is in fact totally disabled as a result of the accident.

AFFIRMED.

YEAGER, J., participating on briefs.