James J. Conroy, J.
Motion by the defendant in this negligence action for an order granting defendant Borough Bug & Carpet Cleaning Co. summary judgment on the grounds that an executed agreement to compromise this action had been *1036 entered into and a general release executed by the plaintiff and her husband thereby terminating the action.
This litigation arose out of an accident which occurred on September 30, 1959. On or about January 4, 1960, the plaintiff and her attorney entered into a compromise of the cause of action with the insurance carrier of the moving defendant and a check in the sum of $1,100 was sent to the attorney for the plaintiff. The attorney for the plaintiff in his affidavit states that shortly after the plaintiff signed the release he received the aforesaid check and forwarded it to the plaintiff who refused to indorse the check and stated she wanted more time to think about the settlement. The plaintiff retained the check until July of 1960 and then declared the settlement inadequate. The check was returned to the defendant but the defendant drew a new check and sent it to the attorney for the plaintiff, who still has it.
The plaintiff in her affidavit states that she was “badly hurt ” in the accident and had a bad sprain of the back and right hip with shooting pains down to her legs and that as of now she still gets the shooting pains down her legs, and pain in her back. She stated she thought the pain would go away. The plaintiff does not claim that at the time she signed the release she had injuries which were unknown to her. She was at the time of the said signing of the release under treatment for the conditions she now claims. In Mack v. Albee Press (263 App. Div. 275, 277) the court said: “ The rule of law which is applicable to these facts does not seem to be disputed. When the settlement is made on the assumption of the existence of a state of facts it may be rescinded if that state of facts does not presently exist. (Landau v. Hertz Drivurself Stations, Inc., 237 App. Div. 141; Great Northern R. Co. v. Fowler, 136 Fed. 118, 121.) Where, however, there is no mistake concerning the injuries but only a miscalculation of consequences, the voluntary settlement of the parties is irrevocable as to both. (Farrington v. Harlem Savings Bank, 280 N. Y. 1, 4; Miles v. New York Cent. R. R. Co., 195 App. Div. 748; appeal dismissed, 233 N. Y. 644; Chicago & N. W. R. Co. v. Wilcox, 116 Fed. 913.) Neither party may then rescind merely because the consequences of a known injury are more serious or less serious than had been anticipated. Such uncertainties are presumed to have been considered when the parties agreed upon the adjustment of their claims. (Sears v. Grand Lodge A. O. U. W., 163 N. Y. 374, 378; Kowalke v. Milwaukee Electric R. & Light Co., 103 Wis. 472, 479; 79 N. W. 762.) Otherwise, settlements fairly arrived at and releases voluntarily given become futile and *1037 nugatory, to be disregarded whenever the course of events reveals that too much or too little has been paid. (Dambmann v. Schulting, 75 N. Y. 55, 64; Kovalke v. Milwaukee Electric R. & Light Co., supra.) ” (See, also, Yehle v. New York Cent. R. R. Co., 267 App. Div. 301.) Althoug'h this plaintiff contends the consequences of her injuries are more serious than supposed, an attempt was made by her to have this case transferred to the City Court of Queens County. The ad damnum clause in this action seeks the recovery of $6,000.
The motion is granted.