**Florence I. BENTON, Plaintiff-Appellant,**

v.

**Paul SMITH, Defendant-Respondent.**

**No. 24081.**

Kansas City Court of Appeals.

Missouri.

April 5, 1965.

Robert G. Oberlander, Kuraner, Oberlander, Lamkin, Dingman & O'Laughlin, Kansas City, for appellant.

Harry Weed, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sued defendant for damages because of personal injuries incurred by her when the automobile which she was driving collided with an automobile operated by defendant. At the close of plaintiff's evidence the court directed a verdict for defendant. Plaintiff appeals.

The collision occurred at the intersection of Nichols Parkway and 47th, public streets in Kansas City, Missouri, on August 22nd, 1960. Plaintiff offered evidence sufficient to establish that she suffered serious personal injuries because of the negligence of defendant. While defendant actually offered no testimony, his insurer's attorney was called as a witness by plaintiff and testified to claimed evidentiary facts which would have constituted a legal defense for defendant, and grounds to support a counter-claim, had there been actual evidence thereof offered.

Immediately following the collision, and as a result of it, plaintiff's arm was bruised and blue, and her arm, shoulder and neck were sore and painful. She consulted a U. S. Navy doctor at Olathe, Kansas, where her husband, a naval enlistee, was stationed. The doctor examined her injuries and X-rayed her arm. He informed her that she had no serious injuries, and that she would soon fully recover.

Later, Mr. Ferguson, an attorney employed in the office of Mr. Harry Weed, attorney for defendant's insurer, called plaintiff and, eventually, sent a young man to see her. This young man took her statement of how the accident occurred. On August 27th, 1960, plaintiff and her husband visited Mr. Weed's office to settle her claim. She told Mr. Ferguson that she had consulted the Naval doctor who had told her that she had received no serious injuries. She told Mr. Ferguson that she thought that she was not severely injured, and that there were no charges for medical services. Her husband was present, with her, at this conference. Eventually, the following written instrument was signed and executed by plaintiff and her husband, in Mr. Weed's office, to-wit:

*"SETTLEMENT AND RELEASE*

"WE, Ronald Benton and Icedore F. Benton, husband and wife, hereby acknowledge payment to us in hand this day by Paul H. and Shirley Smith of the sum of Three Hundred Twenty-five and 32/100 Dollars ($325.32), in full settlement and satisfaction of a disputed *claim arising out of personal injuries, known or unknown, and damage to property sustained by us at Kansas City, Mo., on or about the 22nd day of August, 1960,* by reason of Automobile Collision, for which personal injuries and property damage we have claimed the said Paul H. and Shirley Smith to be legally liable, which liability is expressly denied by Paul H. and Shirley Smith, and in consideration of said sum so paid, we have released and discharged and do hereby for ourselves, our heirs, representatives and assigns, release and discharge the said Paul H. and Shirley Smith of and from any and all claims, demands, and causes of action *which we may now or hereafter have or claim to have on account*

*or arising out of said* accident \* \* "
(Emphasis ours).

Pursuant to the terms of the above agreement plaintiff and her husband received a draft in the sum of Three Hundred Twenty-five and 32/100 Dollars ($325.32), which they cashed. Defendant's contention is that this claim is barred by reason of the above agreement and the payment of the sum mentioned. The trial court so ruled and directed the verdict, as stated.

Thereafter, plaintiff continued to have pain in her shoulder and, eventually, in the neck. She also suffered some pain in her fingers and in the palm of her hand. These pains grew progressively worse. During the latter part of November, 1960, she stated that she telephoned Mr. Ferguson and asked if the insurance company would pay medical and hospital bills which, she felt, would be necessarily incurred in the treatment of her condition. She stated that her request was refused. Her condition worsened and, in April of 1961, she entered Research Hospital and was operated on for a herniated disc. Later still, she was further hospitalized for treatment. There was evidence to the effect that the total cost for medical treatment, hospitalization, and loss of time, was near Four Thousand Dollars ($4,000.00); that the condition for which she was treated was caused by injuries suffered in the automobile collision; and that, at the time the release was executed, she honestly believed that her injuries consisted solely of a bruised arm and some muscle strain.

Plaintiff seeks to avoid the force and effect of the release on the theory that it was executed by parties by reason of a mutual mistake of fact. Defendant, in his brief, concedes that mutual mistake of fact is, generally, a good ground for avoidance of a release of this kind, under proper facts and conditions. He denies that the facts here will justify avoidance of the contract.

Mr. Weed, who directed the settlement on behalf of defendant, and who testified when called by plaintiff, contends that he did not recommend that defendant enter into the agreement because of a mistake of fact; that he knew that plaintiff claimed that she suffered some personal injuries and property damages; that both she and defendant claimed to have entered the intersection on a green light; and that defendant consulted him about claiming damages because of an aggravation to a pre-existing heart complaint, because of plaintiff's negligence in causing her automobile to collide with him.

In Vondera v. Chapman, 352 Mo. 1034, 180 S.W.2d 704, plaintiff sued for damages for personal injuries, in the sum of Twenty-five Thousand Dollars ($25,000.00). Defendant pleaded a release, executed by plaintiff nine days after the casualty occurred, as a bar to the action. That release recited that plaintiff accepted One Hundred Seventy-five Dollars ($175.00) in full settlement for all injuries "not only now known injuries, losses and damages, but any future injuries, losses and damages not known or anticipated but which may later develop or be discovered, including all the effects and consequences thereof." Plaintiff's reply admitted the execution of the release and alleged: "that it was executed at a time when the only injuries of which appellant had knowledge or could have known by the exercise of ordinary care were superficial and slight; that such injuries were all that were known by respondents at the time the release was executed; that if respondents had knowledge or information of any additional injuries they did not communicate the same to appellant, but fraudulently withheld it from her; that appellant made the settlement in the honest belief that such injuries were all that she had sustained; that the amount of the settlement was considered by her, and according to her best information and belief by the respondents, to be fair and reasonable compensation for the injuries then known by the parties. The reply then alleges that shortly thereafter she discovered additional injuries, described in de-

tail, of such nature that the amount of settlement would be grossly and shockingly inadequate to compensate her; that if she had known of such injuries she would not have settled for so small a sum, and that the settlement was made as a result of *a mutual mistake* on the part of appellant and respondents as to the existence of such serious and permanent injuries." (Emphasis ours).

The trial court sustained defendant's demurrer to plaintiff's reply and the Supreme Court affirmed the judgment. The court said that "[n]o doubt a slight taint of fraud or unfairness, coupled with a grossly inadequate consideration, will authorize the setting aside of a contract." In that case, as in this, no fraud was claimed, no overreaching, no concealment, no persuasion practiced by anyone. This case, on the facts, is on all fours with the Vondera case. We are required to follow the Missouri Supreme Court's latest ruling on the subject. We must affirm the judgment in this case.

It will serve no useful purpose to discuss other cases on the subject where a different result may have been reached. In most, the facts were materially different from those in the case at bar; but, in any event, we are governed by the decision in the Vondera case, no matter what decision may have been reached in other jurisdictions.

Those interested in a general discussion of the subject are referred to Clancy v. Pacenti, 15 Ill.App.2d 171, 145 N.E.2d 802, 71 A.L.R.2d 77; and to A.L.R. annotation there found.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HOWARD, J., not participating.