**Gordon D. McCAMLEY, Appellee,**

v.

**Judy SHOCKEY, Special Administratrix of the Estate of Bessie Mae Moss, Appellant.**

**No. 80–1230.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1980.

Decided Jan. 12, 1981.

---

* William C. Hanson, Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation.

William R. Johnson, Omaha, Neb., for appellant.

Lyle E. Strom, Omaha, Neb., for appellee.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

LAY, Chief Judge.

Judy Shockey, the Special Administratrix of the estate of Bessie Mae Moss, appeals

from a judgment entered on a jury verdict for the plaintiff, Gordon McCamley, in a personal injury case arising under Nebraska law.[1] In 1978 this court set aside a summary judgment granted the defendant on the ground that there was a sufficient dispute of material fact whether the parties were under a mutual mistake of fact, when they executed a release, as to the extent of the injuries McCamley received when his automobile was struck from the rear by Moss. *McCamley v. Moss*, 587 F.2d 391 (8th Cir. 1978). On remand, the district court, the Hon. Robert V. Denney presiding, submitted to the jury the questions of the validity of the release and the amount of any damages for McCamley's injury, if the jury found the release invalid. The jury returned a verdict of $50,760 for McCamley's injuries. On appeal, defendant urges that she was entitled to a judgment notwithstanding the verdict or in the alternative a new trial based upon the trial court's refusal to give certain requested instructions. We affirm the judgment of the trial court.

At the time of the collision on August 30, 1974, McCamley was a third-year medical student. His injuries were diagnosed as a cervical sprain or strain. No fractures were discovered on his x-rays. His out-of-pocket expenses for car repair and medical bills came to $698.39. When he sent a damage estimate to Moss's insurance company he wrote on it, "The above does *not* include frame and hidden damage on the car, or any compensation for pain, lost time, etc." Moss's insurance carrier tendered him $700 and sent him a general release which stated that the payment was for all claims arising from his injuries whether known or unknown. McCamley testified that he executed the release without fully reading it.

Subsequently, McCamley experienced increasing neck pain and it was later discovered that he had suffered a compression fracture to his cervical vertebrae which had not been diagnosed at the time he executed

the release. The evidence shows he now has a permanent disability resulting from this fracture. He thereafter commenced this suit under Nebraska law alleging that there existed a mutual mistake of fact at the time he had executed the release in that neither he nor the insurance company knew of the fracture and there was no intention to accept the payment tendered to him as a release for such serious injury. After remand from the first appeal, he was awarded money damages and the defendant appeals.

■ The administratrix first claims she was entitled to a judgment notwithstanding the verdict. We must respectfully disagree. As we have often stated, "It is only where there is *no evidence of substance* upon which reasonable men could differ that the trial court is empowered to set the jury verdict aside." *Boyle v. Simon*, 558 F.2d 896, 897 (8th Cir. 1977) (emphasis in original), *quoting Compton v. United States*, 377 F.2d 408, 411 (8th Cir. 1967).

■ Under Nebraska law a release may be avoided as to unknown injuries if the plaintiff can show a mutual mistake of fact in the execution of the release. The Nebraska Supreme Court has said:

Where parties fairly and honestly intend to and do settle their controversy for known injuries received, but there are injuries wholly unknown to the parties, of a serious character, which are not taken into consideration, a release given in settlement of the injuries, although purporting to be a release of all damages that may thereafter accrue, will be set aside, on the ground of mutual mistake, as inequitable, unjust, and not complying with the intention of the parties.

*Collins v. Hughes & Riddle*, 134 Neb. 380, 389, 278 N.W. 888, 893 (1938).

The defendant asserts the release is binding on McCamley and its language makes clear that the parties intended to release unknown, as well as, known injuries. The same argument was made on the first ap-

---

1. The original suit was commenced against Bessie Mae Moss, the driver of the car which rear-ended McCamley. Subsequent to the first

appeal, the defendant died and her special administratrix, Judy Shockey, was substituted as the party defendant.

peal. Judge Bright, writing for this court in analyzing Nebraska law, stated:

> Language in an insurer-prepared release, such as the one in this case, which indicates that the settlement covers all injuries, "known and unknown," does not in and of itself conclusively demonstrate the parties' intent to settle claims for unknown injuries.

*McCamley v. Moss*, 587 F.2d at 394 *citing, Simpson v. Omaha & Council Bluffs Street Railway*, 107 Neb. 779, 186 N.W. 1001 (1922).

■ Although defendant's insurance adjuster testified that he intended to release all claims known and unknown, it is clear that McCamley's letter to the insurance carrier indicated he intended to release only the cost of repairing his car and his out-of-pocket medical expenses. The amount paid indicates this. The insurance adjuster testified that he arrived at the $700 settlement figure by reference to McCamley's estimate of damages "plus some extra for inconvenience." He testified the "inconvenience" means "pain and suffering." This means the adjuster was paying the grand total of $1.61 beyond McCamley's actual expenses— hardly an equitable figure to encompass unknown, serious injuries let alone the pain and suffering for the sprain McCamley incurred. Considering the evidence introduced at trial, the court properly submitted the issue of the parties' intent to the jury and properly overruled the defendant's motions for a directed verdict and judgment notwithstanding the verdict.

Defendant alternatively asserts that she is entitled to a new trial due to the trial court's refusal to give specifically requested instructions.

First, the defendant argues the court erred in refusing to give the following requested instruction:

> All men are presumed to read and understand the terms of contracts entered into by them, and a release is binding on one who signs it where he was of mature age, able to read and write, somewhat experienced in business transactions, and had an opportunity to read the release.

This instruction has been given in Nebraska cases dealing with claimed fraud and misrepresentation. *See Foxley Cattle Co. v. Bank of Mead*, 196 Neb. 1, 5, 241 N.W.2d 495, 498 (1976). *Cf. Osborne v. Missouri Pacific Railway*, 71 Neb. 180, 98 N.W. 685 (1904); *Heckenkamp v. Kennedy*, 267 F.2d 887 (8th Cir. 1959). This court in *Heckenkamp* approved the language in an earlier Missouri case, *Poe v. Illinois Central Railroad*, 339 Mo. 1025, 99 S.W.2d 82, 89–90 (1936), stating:

> While the law affords everyone reasonable protection against fraud, it does not go to the romantic length of establishing the relation of parent and child or guardian and ward between courts and adults capable of managing their affairs, in full possession of their faculties and unrestrained in action, and indemnify them when dealing at arm's length against the consequences of their own indolence, listless inattention, or unwarranted credulity in the transaction of business affairs. . . . "If one voluntarily shuts his eyes when to open them is to see, such a one is guilty of an act of folly (in dealing at arm's length with another) to his own injury; and the affairs of men could not go on if courts were being called upon to rip up transactions of that sort."

267 F.2d at 894.

The defendant seeks to extend the above rule, applicable in fraud and misrepresentation cases, to cases involving mutual mistake of fact.

■ As the *Heckenkamp* language indicates, this rule is peculiarly related to fraud and misrepresentation since it goes to whether the plaintiff relied in good faith on defendant's statement, a necessary element of plaintiff's proof in those type of cases. In a mutual mistake of fact case, reliance is not an element of plaintiff's case. Even if McCamley had fully read the release, the language of the release would not be binding if there was a mutual mistake of fact as to the intent of the parties. An insurer-prepared release is not conclusive evidence of the parties' intent to settle claims for

unknown injuries but is only some evidence of such an intent. *See McCamley v. Moss,* 587 F.2d at 394. If fully reading the release would not necessarily bind the plaintiff, under the circumstances existing here it is difficult to understand how plaintiff's failure to fully read it would serve as an estoppel. The trial judge observed that if he gave the instruction as requested, he would be recreating the same error invoked in the first appeal. We agree. There was no error in refusing this instruction.

Defendant next asserts error in the district court's failure to give her requested instruction 7 which provides:

With respect to the first essential element set forth in the preceding instruction [instruction 6], if you find that one or more of the injuries claimed by the plaintiff are the future development of an injury known to exist at the time of the release, then you are instructed not to award any damages for such injuries.

Instruction 6 set forth plaintiff's overall burden of proof:

*To succeed in avoiding the release,* the plaintiff must prove by a preponderance of evidence:

1. That the injury for which he seeks damages is not the result of the development of an injury known at the execution of the release, but is an injury that was wholly unknown at the release's signing.
2. That the language of the release which purports to be a release of all known and unknown injuries does not reflect the actual agreement of the parties, but was a result of a mutual mistake of the parties.

To determine whether the plaintiff has proven the above essential elements by a preponderance of the evidence, you should consider the following instructions. (emphasis added)

The trial court refused the requested instruction on the ground that it was covered by another instruction. On this appeal, McCamley argues the requested instruction was improper because the undisputed evidence shows that his future injuries developed from the soft tissue damage directly related to the compression fracture, an injury *not* known at the time the release was executed. This argument does not make defendant's request improper. There can be no dispute that requested instruction 7 properly defines the limitation on damages to be awarded where a release had been executed for known injuries.

■ The difficulty we find with defendant's argument is that defense counsel's objection to the court's refusal to give requested instruction 7 during the instruction conference was not adequate to inform the court of the relevancy of such an instruction. Rule 51 of the Federal Rules of Civil Procedure requires objections to be "sufficiently specific to bring into focus the precise nature of the alleged error." *Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645 (1943). As we stated, in *Wilson v. Crouse-Hinds Co.,* 556 F.2d 870, 875 (8th Cir. 1977), the purpose of the rule is to make certain the trial court is "adequately informed" so as to obviate the necessity for a new trial.[2]

■ The discussion during the instruction conference concerning the court's refusal to give requested instruction 7 was directly related to instruction 6, dealing with plaintiff's burden of proof necessary to

---

**2.** In *Cone v. Beneficial Standard Life Ins. Co.,* 388 F.2d 456 (8th Cir. 1968), the appellee argued that appellant failed to properly object to the trial court's refusal to give requested instructions. In that case this court said:

Rule 51 is often overlooked by counsel when related to the refusal of the trial court to given [sic] a specific instruction requested. When counsel fails to offer specific objection, the trial court may very well feel that this is because he is in essence covering the subject matter of the request in a different form. He may be in error in his understanding. Rule 51 places the additional responsibility upon counsel to specifically point out where the court's charge errs.

In the instant case the court felt his instructions covered the subject matter in Request "B". Appellant's counsel did not point out any insufficiency. Under the circumstances, we feel appellant is estopped to raise specific error at this time.

*Id.* at 461–62.

avoid the release. Defendant's request specifically incorporated the words "[w]ith respect to the first essential element set forth in the preceding instruction." For the court to give defendant's requested instruction 7, in the form proposed, immediately following instruction 6 would have been confusing and even misleading to the jury.[3] The instruction on the plaintiff's burden of proof given by the court embodied defendant's request only in terminology which would not mislead the jury.[4]

During the instruction conference, Shockey made no objection to amend the damage instruction nor did she ever renew her request to have requested instruction 7 given.[5]

The instructions given by the court adequately instructed the jury and the jury was not misled. The trial judge properly overruled the defendant's request for a new trial.

Judgment affirmed.

**3.** A court may properly refuse a requested instruction which is otherwise proper if it is misleading. *See United States v. Rotchford*, 575 F.2d 166, 175 (8th Cir. 1978); *Gardner v. Meyers*, 491 F.2d 1184, 1188 (8th Cir. 1974).

**4.** "A trial court is not required to use the exact language of a requested instruction or the exact language of a requested interrogatory in order to avoid error." *Leathers v. United States*, 471 F.2d 856, 863 (8th Cir. 1972). *See Frosty Land Foods Int'l, Inc. v. Refrigerated Transp. Co.*, 613 F.2d 1344, 1348 (5th Cir. 1980).

**5.** The court instructed the jury on damages as follows:

You are directed to find that the negligence of Bessie Mae Moss was a proximate cause of the injuries and damages sustained by the plaintiff, if any. You must now determine that amount which will fairly and reasonably, but not excessively, compensate plaintiff for the following items such as were shown by a preponderance of the evidence to have been caused by Bessie Mae Moss.

1. Reasonable compensation for the nature and extent of the injury itself, if any;

2. The reasonable value of such conscious mental and physical pain and suffering:

(a) Experienced to date, and

(b) Reasonably certain to be experienced in the future;

3. The value of the loss or diminution of the power to earn in the future.

Remember that you are not permitted to award damages on the basis of speculation. Such damages must have been proven by a preponderance of the evidence by plaintiff.