Jay William DENNISTON, Appellant,

v.

BURLINGTON NORTHERN, INC., doing business as Burlington Northern Railroad Company, a corporation, Appellee.

No. 83–1584.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1983.

Decided Jan. 20, 1984.

Douglas Dale Reid, Jr., Michael L. Weiner, Frances S.P. Li, DeParcq, Perl, Hunegs, Rudquist & Koenig, P.A., Minneapolis, Minn., and John J. Higgins, Higgins, Okun & Bernstein, Omaha, Neb., for appellant.

Knudsen, Berkheimer, Richardson & Endacott, Lincoln, Neb., for appellee.

Before HEANEY and FAGG, Circuit Judges, and HANSON,* Senior District Judge.

FAGG, Circuit Judge.

Jay W. Denniston brought this action against the Burlington Northern Railroad Company under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, to recover damages for injuries he suffered on two separate occasions while employed by Burlington. Denniston alleged that his injuries resulted from the railroad's negligent failure to furnish him a reasonably safe place at which to work. A jury returned special verdicts finding that as to both claims Burlington was not guilty of negligence which was a cause of Denniston's injuries in whole or in part. On appeal Denniston argues that error in the district court's jury instructions requires a new trial. We affirm.

Denniston's first claim involved an injury to his knee which he alleges occurred when he fell after stepping on a large rock while working at night in the rail yard. At trial Denniston sought to prove that Burlington was negligent in allowing this large rock to remain on the premises and in not providing adequate lighting. Denniston's second claim was based on injuries he suffered when he slipped and fell as he approached his car in a Burlington parking lot. Denniston maintains that Burlington was negligent in not properly removing ice and snow from the parking lot.

Before presentation of evidence at trial, the district court read preliminary instructions to the jury and supplied them with written copies for reference. With respect to causation, the district court told the jury in the preliminary instructions that "injury or damage is said to be 'caused' or contributed to by an act or failure to act when it

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

appears from a preponderance of the evidence that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage." In additional instructions, given immediately before the jury retired to deliberate, the district court instructed the jury that their verdict should be for Denniston if they found that Burlington's "negligence caused in whole or in part injuries to the plaintiff." Denniston contended at trial, as he does on appeal, that the phrase "no matter how small" should have been reiterated in the additional instruction dealing with causation.

█ Assuming for the sake of discussion that the requested language is a necessary part of jury instructions in an FELA action, there is no reversible error on this ground in the present case because the words "no matter how small" are indeed a part of the district court's instructions. When one aspect of jury instructions is cited as error the reviewing court must examine the instructions as a whole. *See Vanskike v. ACF Industries, Inc.,* 665 F.2d 188, 206 (8th Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982). The jury was told a short time before they began deliberations that the preliminary instructions, copies of which had been retained by them, continued in effect. In addition, during closing argument Denniston's counsel called the jurors' attention specifically to the phrase "no matter how small" contained in the preliminary instructions. Although the requested language did not appear in the precise context desired by Denniston, the district court was not bound to use in its instructions the exact language and form requested by him. *See id.*

█ The district court instructed the jury that the railroad is not responsible under the FELA for injury to an employee "merely because it was caused by some defect or insufficiency" in one of the items listed in the statute. The court further instructed that "the statute imposes liability on the railroad employer only when the defect or insufficiency is due to negligence on the part of the employer." On appeal Denniston contends that this part of the instructions was erroneous because it was "cautionary and argumentative" and prevented the jury from considering the defects as evidence of negligence. Denniston's general objection at trial did not particularize either of these grounds, however, and thus the error cited on appeal was not properly preserved for review. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Fed.R.Civ.P. 51. This rule requires that objections be "sufficiently specific to bring into focus the precise nature of the alleged error." *Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645 (1943), *quoted in McCamley v. Shockey,* 636 F.2d 256, 260 (8th Cir.1981). The purpose of the rule is adequately to bring the grounds of objection before the district court at a time when error in the instructions may be corrected without conducting a new trial. *See McCamley v. Shockey, supra,* 636 F.2d at 260. Failure to make a proper objection constitutes a waiver of error in jury instructions unless the error fits the narrow exception reserved for plain error which would result in a miscarriage of justice if the challenged instruction and verdict were allowed to stand. *See Board of Water Works Trustees of the City of Des Moines, Iowa v. Alvord, Burdick & Howson,* 706 F.2d 820, 824 (8th Cir.1983). Any error in this part of the district court's instructions does not constitute plain error.

█ The district court further instructed the jury that before the railroad could be charged with negligence for failing to provide a reasonably safe place to work, Denniston was required to prove by a preponderance of the evidence that the railroad knew or in the exercise of ordinary care should have known of the existence of the condition which rendered the place of work unsafe. On appeal Denniston argues that the district court committed error in giving this instruction because, since it created the

dangerous conditions, Burlington's knowledge of them was not an issue in the case. Denniston did not object to this instruction at trial, though, and hence we review only for plain error, which we do not find. *See* Fed.R.Civ.P. 51; *Board of Water Works Trustees, supra,* 706 F.2d at 824. Denniston did, however, request an additional instruction incorporating the principle that if a condition was created by the railroad itself, the requirement that the railroad knew or should have known of the condition would be satisfied. The district court refused to give the requested instruction, but this action was not raised by Denniston as an issue on appeal, nor argued by him in his brief. Accordingly, we need not decide whether the district court's refusal of the requested instruction was error, for we deem the issue abandoned. *See Kizzier Chevrolet Company v. General Motors Corporation,* 705 F.2d 322, 325 n. 2 (8th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 153, 78 L.Ed.2d 141 (1983).

 Denniston also contends that the district court should have given a proposed instruction in order to cure an instruction which, in his view, erroneously permitted the jury to find that he had assumed the risk of dangerous railroad employment. In addition, he cites as error the district court's refusal to give a proposed instruction dealing with the railroad's duty to inspect for unsafe conditions. At trial Denniston did not object to the district court's refusal to include these instructions until after the jury had retired to begin deliberations. The district court ruled that the objections were not timely made. *See* Fed.R.Civ.P. 51. Denniston does not assign as error on appeal the district court's ruling that his objections to omission of these instructions were untimely, and thus we do not consider whether it was error to refuse the instructions. *See Kizzier Chevrolet Company, supra,* 705 F.2d at 325 n. 2.

We have carefully considered all issues raised by Denniston on appeal and find no reversible error. We accordingly affirm the judgment of the district court.