**Barbara Lou OTWELL, Appellant,**

v.

**MOTEL 6, INC., Appellee.**

**No. 84–1540.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1985.

Decided Feb. 26, 1985.

David M. Donovan, Little Rock, Ark., for appellant.

Mel Sayes, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Barbara Lou Otwell, executrix of her husband's estate, appeals from a jury ver-

dict in favor of Motel 6 on a wrongful death claim. We affirm.

At approximately 1:00 a.m. on the night in question, Mr. Otwell left his room at the Motel 6 in Little Rock, Arkansas, to call a cab. He returned to the room and, a short while later, someone knocked on the door. The motel rooms were not equipped with standard security devices such as "peep-holes" or chain locks on the doors. Nor were the rooms equipped with telephones. Mr. Otwell looked out the picture window next to the door, and then opened the door. Two men forced their way into the room and robbed Mr. Otwell and his companion at gunpoint. Upon pursuing the criminals as they fled from the room, Mr. Otwell was fatally wounded.

Mrs. Otwell contends that the trial court committed several errors during trial. We consider each of them in turn.

■ Mrs. Otwell claims first that the trial court's exclusion of expert testimony constitutes reversible error. At trial Mrs. Otwell called as witnesses two experts in the field of hotel and motel security. The trial court allowed these witnesses to compare the security devices used and precautions taken by Motel 6 with those used and taken in other motels and hotels. However, the trial court did not allow the witnesses to testify to the incidence of crime at the Motel 6 as compared with the incidence of crime at other motels, the standard of care in the security industry, or the cause of the incident.

We find no abuse of discretion in the trial court's limitation on expert testimony. The jury had before it evidence which established that crimes had occurred previously at the Motel 6. It also was aware of how the security devices used and the precautions taken by Motel 6, or lack of them, compared with those used and taken by other motels. The answer to the question of what caused the incident was a matter within the knowledge and experience of laypersons. Thus, the jury had before it sufficient evidence to decide for itself whether Motel 6's practices fell below an acceptable standard of care and to deter-

mine the cause of this incident without expert assistance. *See, e.g., Zimmer v. Miller Trucking Co.*, 743 F.2d 601, 604 (8th Cir.1984); *Haynes v. American Motors Corp.*, 691 F.2d 1268, 1271 (8th Cir.1982).

■ Second, Mrs. Otwell claims that the trial court committed reversible error by instructing the jury that Motel 6 has a right to assume that its guests would recognize open and obvious dangers and approach such dangers in a reasonably prudent manner. At trial Mrs. Otwell objected to the instruction on the ground that it was unsupported by the evidence. On appeal she claims that, as a matter of Arkansas law, the instruction should not have been given. Mrs. Otwell did not raise this objection below, and thus failed to alert the trial court to the fact that it might be applying an incorrect legal standard. As a result, she has failed to preserve this claimed error for appellate review. *See, e.g., Denniston v. Burlington Northern, Inc.*, 726 F.2d 391, 393 (8th Cir.1984); *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 875 (8th Cir.) (en banc), *cert. denied*, 434 U.S. 968, 98 S.Ct. 513, 54 L.Ed.2d 455 (1977).

■ Nevertheless, Mrs. Otwell asks us to hold that the trial court committed "plain error" by giving the instruction. We do not think the instruction was a "disguised assumption of risk" instruction, even though the phrase "open and obvious" danger is optional language which appears in the Arkansas Model Jury Instruction on assumption of risk. *Arkansas Model Jury Instructions* No. 612, at 58 (Civil 2d 1974). Read in context, the instruction as a whole sufficiently states the generally applicable law and it does not constitute plain error. *See Phillips v. Morton Frozen Foods*, 313 F.Supp. 228, 232 (E.D.Ark.1970); *Early v. John A. Cooper Co.*, 304 F.Supp. 906, 909 (W.D.Ark.1969), *aff'd*, 435 F.2d 342 (8th Cir.1970); *Twin City Pipe Line Co. v. Butler*, 203 Ark. 240, 156 S.W.2d 222, 224 (1941). The fact that it is technically imperfect or that it falls short of a model of clarity does not render the instruction erro-

neous. *Crimm v. Missouri Pacific Railroad,* 750 F.2d 703, 711 (8th Cir.1984).

Third, Mrs. Otwell claims that the trial court erred in refusing to instruct the jury that Motel 6 had a duty to provide Mr. Otwell with medical aid after it knew or should have known that Mr. Otwell was injured. We agree with the trial court that there was no evidence in the record to support such an instruction.

Finally, Mrs. Otwell claims that the trial court erroneously restricted evidence of general security measures at the Motel 6, of deterrent security precautions, and of the foreseeability of the crime involved here. We have carefully reviewed the record and find Mrs. Otwell's proffered evidence was either irrelevant or cumulative. The trial court acted well within its discretion in excluding the evidence. *See* Federal Rules of Evidence 402, 403.

Because we find no reversible error in the trial record, the judgment of the district court is affirmed.