Floyd W. HIPSHER, Appellant,

v.

Lawrence Allen LUND, Appellee,

v.

Gary Allan SANBORN, Appellee.

No. 86–5438.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1987.

Decided Aug. 26, 1987.

---

**338**

Harry Munger, Duluth, Minn., for appellant.

Paul J. Lokken, Duluth, Minn., for appellee Lawrence Allen Lund.

Steven W. Schneider, Duluth, Minn., for appellee Gary Allen Sanborn.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and WRIGHT,[*] Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Floyd W. Hipsher was injured as a passenger in a two-car accident and, in a diversity action, recovered a judgment against both drivers. He appeals, claiming that he is entitled to a new trial on the issue of damages because the district court[1] improperly instructed the jury and improperly discounted the award of future damages. Finding no error in any respect, we affirm the district court's judgment.

[*] The HONORABLE EUGENE A. WRIGHT, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

## I.

Hipsher urges that there were several errors in the jury instructions regarding damages. He first asserts that the court should have instructed the jury that they "will," rather than "may," include the reasonable value of past medical expenses and an award for pain, disability and emotional distress. Second, he asserts that the court should have used a particular Minnesota special verdict form that separately lists the factors the jury should consider in awarding damages. *See* 4 Minnesota Jury Instruction Guides 470 (3d ed. 1986) (special verdict form number 8). Third, he argues that the court's instructions denied the jury the right to consider future medical expenses.

At trial, even when he was given the opportunity, Hipsher did not object to the damages instructions. He admits that he raises these issues for the first time on appeal. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Fed.R. Civ.P. 51. *See also W.B. Farms v. Fremont Nat'l Bank and Trust Co.*, 756 F.2d 663, 667 (8th Cir.1985). Accordingly, he concedes that we must review the instructions under the "plain error" rule. The plain error rule is a narrow exception reserved for instances in which the mandate of Rule 51 would result in a miscarriage of justice or would " 'seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings.' " *Lange v. Schultz*, 627 F.2d 122, 128 (8th Cir.1980) (quoting *Figge Auto Co. v. Taylor*, 325 F.2d 899, 907 (8th Cir.1964)); *see also Denniston v. Burlington Northern, Inc.*, 726 F.2d 391, 393 (8th Cir.1984). This is not such an instance. Not only is there no plain error in the instructions, we find no error whatsoever.

1. The Honorable Donald A. Alsop, United States District Judge for the District of Minnesota.

As to the may/will distinction, the court instructed the jury three times that damages referred to the amount of money that *"will* fairly and adequately compensate Floyd Hipsher for the injury." Tr. IV at 602 (emphasis added). The court also told the jury that the parties stipulated Hipsher's past medical expenses to be $2,885.67. The court used the word "may" illustratively to indicate to the jury those factors it should consider in arriving at a figure. In examining the instructions as a whole, *Monahan v. Flannery*, 755 F.2d 678, 681 (8th Cir.1985), we conclude that the district court accurately reflected Minnesota substantive law.

Hipsher points out that, in giving this instruction, the district court deviated from Minnesota standard instructions. This argument, standing alone, however, carries no weight. The specific language of jury instructions is a matter of procedure and is controlled by federal law. *See Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 904 (8th Cir.1985). Thus, a district court sitting in diversity jurisdiction is not obligated to follow the particulars of a state's model instructions " 'as long as the entire charge fairly and adequately contains the law applicable to the case.' " *Monahan*, 755 F.2d at 681 (quoting *Board of Water Works Trustees v. Alvord, Burdick & Howson*, 706 F.2d 820, 823 (8th Cir.1983)); *see also Chohlis*, 760 F.2d at 904.

We also reject Hipsher's argument that the court should have used Minnesota's special verdict form and should not have "lump[ed] all elements of damages in one question." Appellant's Brief at 5. The verdict form submitted to the jury required the jury to state one amount that would compensate Hipsher for past damages and one amount that would compensate him for future damages. However, when the judge solicited comments as to the form of the verdict at the close of trial, Hipsher's counsel stated that he had no problems with it. Tr. IV at 512. Moreover, the form of the verdict, as with the instructions, is a matter of procedure governed by the federal rules. *Johnson v. Richardson*, 701 F.2d 753, 758 (8th Cir.1983). In light of Hipsher's failure to request an alternative form, the district court acted well within its discretion in adopting the form that it did.

We also reject Hipsher's contention that the court failed to include Hipsher's right to recover future medical expenses. "When one aspect of jury instructions is cited as error the reviewing court must examine the instructions as a whole." *Denniston*, 726 F.2d at 393. Viewing the instructions in this light, we are satisfied that the court's reference to future injury and medical expense informed the jury that it could consider these items if it found them to be relevant.

In his brief, Hipsher directs us to a portion of the transcript of the court's instructions in which the court stated that the jury is to assess a sum of money that fairly and adequately compensates Hipsher "from the date of the accident to the time of trial, with a little amount, and (b) from the date of trial into the future with a little dollar amount." Tr. IV at 594. He argues that this constitutes plain error. Appellee Lund asserts that the transcript is in error, and that the judge in fact said "total amount." We will not speculate on whether the judge said "little amount" or "total amount." If there is any error in the transcript, that issue must be settled by the trial court, not this court. Assuming that the word "little" was used as the transcript reflects, we again consider that Hipsher made no objection. It is difficult to understand why, if the court in fact made such a statement, with the meaning Hipsher assigns to it, he did not respond with a vigorous and timely objection. We are satisfied that if such statement had been called to the attention of the experienced district judge, it would have been promptly corrected. Moreover, reading the whole instruction convinces us that the district court was not limiting the deliberations of the jury or suggesting that there in fact be a "little amount" returned.

## II.

Hipsher next contends that the court erred in discounting future damages over a ten-year period. He asserts that the

court arbitrarily chose the ten-year period and that the jury could have determined from the evidence that Hipsher's life expectancy was less. He also claims it was error for the court to have applied the discount itself rather than allowing the jury to do so.

Minnesota law provides that all awards for future damages in personal injury cases must be discounted to present value. Minn.Stat.Ann. § 604.07(2) (West Supp. 1987). Hipsher did not request that the jury make a specific finding as to the period over which future damages were to be discounted. Thus, the court was obligated to make a finding on that issue. *See* Fed. R.Civ.P. 49(a).[2] Hipsher stipulated that his life expectancy was ten years, and in closing he argued that the jury should award damages based on a ten-year life expectancy. Tr. IV at 577–78. Also, the court informed the jury that it took judicial notice of the fact that the life expectancy of a seventy-three year old male is ten years. Thus, the record supports the court's finding, and we cannot conclude that it is clearly erroneous. *See Ingersoll v. Mason*, 254 F.2d 899, 903 (8th Cir.1958).

■ The jury award of $14,500 [3] was not generous, but we cannot conclude that it resulted from any error by the district court. We observe in conclusion that although Hipsher claims many errors, he made no objection in the trial court and in some instances took a position directly contrary to the one he takes now. This has caused the panel to consider assessing sanctions against Hipsher's counsel for asserting frivolous arguments. We do not do so in this case, but simply observe that appeals based on frivolous grounds may make such an award appropriate in a proper case. *See* Fed.R.App.P. 38; *Hill v. Nor-*

*folk & W. Ry.*, 814 F.2d 1192, 1200–03 (7th Cir.1987).

---

2. Under Rule 49(a), if, when submitting a special verdict to the jury, "the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission * * * As to an issue omitted without such demand the court may make a finding." Fed.R.Civ.P. 49(a).

3. After the court added interest to the damages incurred before trial, subtracted the amount Hipsher had already received from collateral sources, and discounted the future damage award, Hipsher's total damage award amounted to $10,072.34.